UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP R. PERRY,

    Plaintiff,

v.

HEIDI WASHINGTON, et. al.,

    Defendants,
_____/

Case No. 2:20-CV-11478
Hon. Nancy G. Edmunds
United States District Court Judge

## OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS/CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Bishop R. Perry, ("plaintiff"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a petition for writ of habeas corpus in this district pursuant to 28 U.S.C. § 2241. Plaintiff also seeks a temporary restraining order and injunctive relief pursuant to 28 U.S.C. § 1651 and 1331. Plaintiff also labels this a civil rights action brought pursuant to 42 U.S.C. § 1983. In his application, filed *pro* se, plaintiff seeks to be released from prison based on the Muskegon Correctional Facility's failure to quarantine plaintiff and other prisoners during a Scabies outbreak in 2019, as well as the Coronavirus pandemic and plaintiff's fear that he might contract the disease, in spite of efforts undertaken by the Michigan Department of Corrections to prevent the spread of Coronavius in the prisons. In the interests of justice, the Court concludes that the proper venue for this action is in the Western District of Michigan and orders that the petition be immediately transferred to that district.

### I. DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute

1

straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)(quoting 28 U.S.C. § 2242); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained").

Plaintiff does not challenge his conviction in this petition but rather the conditions of his confinement, namely, the risk that petitioner might contract Coronavirus while incarcerated, in part because of the Muskegon Correctional Facility's earlier failure to properly contain a Scabies outbreak. Petitioner seeks immediate release from custody, alleging that none of the precautions taken by the Michigan Department of Corrections to protect the prisoners from contracting the disease are sufficient to prevent the spread of the disease.

When a habeas petitioner challenges his or her present physical confinement, the only proper respondent is the warden of the facility where the petitioner is being held. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018)(citing to *Rumsfeld,* 542 U.S. at 435).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988)(Zatkoff, J.); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Plaintiff is currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, which is located the Western District of Michigan. Plaintiff does not directly challenge his conviction but instead challenges the conditions of his confinement related to the risks associated with the Coronavirus. A habeas petition filed in the federal court in the district of a habeas petitioner's confinement is the proper means of testing the conditions of the petitioner's

confinement. *See Coates v. Smith*, 746 F.2d 393, 395 (7th Cir. 1984); *See also Barrera v. Decker*, No. 20-CV-2755 (VEC), 2020 WL 1686641, at *1 (S.D.N.Y. Apr. 7, 2020)(district court in the Southern District of New York lacked venue over habeas petitioner's claim that his health condition put him at imminent risk of contracting COVID-19, where the petitioner was incarcerated in New Jersey).

To the extent that plaintiff seeks relief under the civil rights statute, venue is also not proper in this district. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

Venue for plaintiff's civil rights lawsuit is not proper in the Eastern District of Michigan, because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x. 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the United States District Court for the Western District of Michigan, where plaintiff alleges that the civil rights violations occurred.

Venue is improper in this district. The Court orders that the case be transferred to the Western District of Michigan. "Given the significant liberty interests at stake, the time-sensitivity of [Plaintiff's] claims, and the risks to [Plaintiff's] health posed by the rapid spread of COVID-

3

19," the Court "directs the Clerk to effectuate the transfer as soon as possible." *Barrera v. Decker*, 2020 WL 1686641, at * 1.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

                                              s/ Nancy G. Edmunds_____
                                              HONORABLE NANCY G. EDMUNDS
Dated:  June 10, 2020              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2020, by electronic and/or ordinary mail.

                                              s/ Lisa Bartlett
                                              Case Manager