UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

          Plaintiff,

v.                               Civil Action No. 2:20-CV-11478
                               HONORABLE NANCY G. EDMUNDS
                               UNITED STATES DISTRICT JUDGE

HEIDI WASHINGTON, et. al.,

          Defendants,
_____/

**<u>OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION (ECF No. 4) AND THE MOTION TO SHOW THE COURT THAT THE PETITIONER EXHAUSTED STATE COURT REMEDIES (ECF No. 5)</u>**

Bishop R. Perry, ("plaintiff"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a petition for writ of habeas corpus in this district pursuant to 28 U.S.C. § 2241. Plaintiff also sought a temporary restraining order and injunctive relief pursuant to 28 U.S.C. § 1651 and 1331. Plaintiff also sought relief under the civil rights statute, 42 U.S.C. § 1983. Plaintiff sought to be released from prison based on the Muskegon Correctional Facility's failure to quarantine plaintiff and other prisoners during a Scabies outbreak in 2019, as well as the Coronavirus pandemic and plaintiff's fear that he might contract the disease. This Court concluded that the proper venue for this action is in the Western District of Michigan and ordered that the petition be immediately transferred to that district. *Perry v. Washington*, No. 2:20-CV-11478, 2020 WL 3077592 (E.D. Mich. June 10, 2020).

Petitioner filed a motion for reconsideration and a related motion to show that he is exhausting state court remedies with respect to his state court conviction. For the reasons stated below, the motions are denied.

1

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Plaintiff argues in his motions that this Court erred in transferring his habeas petition to the Western District of Michigan, because he was also challenging his state court conviction out of the Wayne County Circuit Court, which is located in the Eastern District of Michigan.

28 U.S.C. § 2241(d) allows a state prisoner who seeks relief from a state court conviction to file a petition for writ of habeas corpus either in the federal district where he or she was convicted or in the district where he or she is confined, provided, of course, that both judicial districts are located within the same State. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490, n. 3 (1971). However, when a habeas petitioner challenges his or her present physical confinement, the only proper respondent is the warden of the facility where the petitioner is being held. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018)(citing to *Rumsfeld,* 542 U.S. at 435). A habeas petition filed in the federal court in the district of a habeas petitioner's confinement is the proper means of testing the conditions of the petitioner's confinement. *See Coates v. Smith*,

746 F.2d 393, 395 (7th Cir. 1984); *See also Perry v. Washington,* 2020 WL 3077592, at * 1.  The Muskegon Correctional Facility is in the Western District of Michigan.

Although plaintiff in his original complaint or petition briefly mentioned that he had filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* to raise an actual innocence claim with respect to his conviction (ECF No. 1, PageID. 4-5), and also attached a copy of his post-conviction appeal (ECF No. 1, PageID. 21-55), all of the allegations in his actual petition or complaint dealt with the Scabies outbreak at the Muskegon Correctional Facility or plaintiff's fears that prison officials at this prison were not taking adequate precautions to protect him from Covid-19.  Plaintiff did not raise any challenges to his Wayne County Circuit Court conviction in his petition/complaint. The Court properly transferred this action to the Western District, because plaintiff was clearly challenging only his conditions of confinement.

Petitioner's motion for reconsideration and his related motion to show that he exhausted his state court remedies will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court transferred the petition to the Western District of Michigan. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration (ECF No. 4) and the motion to show the Court that the petitioner exhausted his state court remedies (ECF No. 5) are **DENIED.**  The denial is without prejudice to plaintiff filing a separate habeas petition challenging his state court conviction.

s/ Nancy G. Edmunds_____  
**HON. NANCY G. EDMUNDS**  
UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2020

   I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2020, by electronic and/or ordinary mail.

          <u>s/Lisa Bartlett</u>
          Case Manager